IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 97-20395

Summary Calendar

———————————————

Graylon Walch,

Plaintiff-Appellant,

versus

Janet Reno, Attorney General,
United States Department of Justice,
and Larry J.Freeh, Director,
Federal Bureau of Investigation

Defendant-Appellees.

———————————————

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-1446)

———————————————

September 24, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Graylon Walch appeals the district court's order granting
summary judgment for Appellees. We affirm.

I.

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The only issue on appeal is whether Walch presented sufficient evidence to raise a genuine issue of material fact that the FBI did not believe in good faith that Walch sexually harassed five women during his time as a FBI trainee and did not base its decision to terminate him on that reason. The trial court's entry of summary judgment must be reversed "if the evidence taken as a whole, (1) creates a fact issue as to whether each of the employer's stated reasons were what actually motivated the employer, and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which the plaintiff complains." Hall v. Gillman, 81 F.3d 35, 37 (5th Cir. 1996). In other words, "an employee has created an issue of fact and the employer is not entitled to summary judgment if the evidence taken as a whole would allow a jury to infer that the actual reason for the discharge was discriminatory." Id.

Walch claims that the FBI's belief that he sexually harassed five women during his time in the FBI training program is "incredible" and can not be a valid reason for his dismissal. See Turner v. Texas Instruments Inc., 555 F.2d 1251, 1256 n.6 (5th Cir. 1977). We disagree. The FBI presented much evidence to support its belief that Walch sexually harassed his accusers, such as a sworn statement from each woman detailing Walch's improper conduct,[1] admissions from Walch himself that he performed many of

---

[1]The fact that five different women individually complained of Walch's improper behavior toward them gives credibility to their

2

the actions about which the women complained, and an evaluation from the Head of the FBI's Behavioral Science Unit stating that "Walch may have serious hostilities toward women who do not respond favorably to his sexual overtures." See R. Doc. 40, Ex. K at 3.

Walch failed to produce any evidence indicating that his termination was racially motivated. His main line of argument is that the FBI did not investigate the claims of sexual harassment extensively enough. This assertion does little to establish racial animus on the part of the FBI given the substantial amount of evidence supporting its belief that Walch acted improperly. The only facts Walch presents on the issue of the FBI's intent in dismissing him are those pertaining to his claim that the FBI training program was a racially hostile environment.[2] However, these facts are not probative of the FBI's reason for terminating Walch because the racially offensive statements were not in any way related to his dismissal. See Turner v. North Am. Rubber, Inc., 979 F.2d 55, 59 (5th Cir. 1992); Guthrie v. Tifco Indus., 941 F.2d 374, 378-79 (5th Cir. 1991), cert denied, 503 U.S. 908 (1992).

---

allegations. Two of the women were FBI instructors in the training program. Another two were fellow classmates of Walch. The other woman was in a separate training class from Walch. R. Doc 38, Ex. G at 116-17.

[2]In addition to the fact that only three or four instructors were black, Walch's assertion is based on his hearing several racially insensitive comments at various times while in the program. See Appellant's Brief at 6-7. None of the offending comments related to the women's allegations against Walch or occurred in conjunction with his dismissal. Id.

3

Since the "evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory", the entry of summary judgment in favor of the FBI was proper. <u>Hall</u>, 81 F.3d at 37.

The judgment of the district court is AFFIRMED.